REQUESTED BY: Carroll Burling, Senator Nebraska State Legislature
You have requested our opinion whether current state statutes "allow the state to lease or sell HCC (Hastings Correctional Center) to a private contractor for purposes of incarceration." You note that it was recently announced that HCC will officially close on June 1, 2005 and the facility will then be vacant. It is our understanding that HCC was closed as a facility to house state inmates in 2002, but has been used pursuant to a contract with the federal government as a holding center for detained illegal immigrants.
The operation, leasing and construction of Nebraska prisons by private contractors is governed by the Private Prison Contracting Act. Neb. Rev. Stat. §§ 47-801 to 47-807 (2004). This Act, enacted in 2001, was intended to regulate all private prisons in Nebraska. Committee Records on LB 751, 97th Neb. Leg., 1st Sess. 2-4 (March 1, 2001). (LB 751 was later amended into LB 85). The Act authorizes the Department of Correctional Services (DCS) to provide for incarceration at facilities other than those operated by DCS, to contract for the operation of correctional institutions of the department by private prison contractors and to seek approval, when there is demonstrated need, for the construction of correctional institutions by private prison contractors. Neb. Rev. Stat. § 47-802(1), (2) and (3).
We note that the Act reserves the use of private correctional facilities to DCS, specifically withholding such authority from counties and other political subdivisions. Neb. Rev. Stat. § 47-806. The Act further provides that a "private prison contractor shall not accept or house federal inmates or inmates from another state." Neb. Rev. Stat. §47-805. You have inquired about leasing or selling HCC to a private contractor. With regard to leasing Neb. Rev. Stat. § 47-802(11) specifically provides as follows:
 The Director of Administrative Services may lease real property and improvements on such property to a private prison contractor in conjunction with a contract for private management of a state correctional institution located or to be built on the property. The lease may be entered into for a two-year term renewable at the sole option of the State of Nebraska.
Therefore, if the State determines there is a need to again operate HCC as a state correctional institution, this statute would allow the State to lease HCC to a private prison contractor who would then manage the state correctional institution subject to the restrictions of the Private Prison Contracting Act.
If it is determined that HCC is no longer needed by DCS for use as a state correctional institution and the facility is vacant, the sale of the facility may fall within the purview of Neb. Rev. Stat. §§ 72-811 through72-817 (2003) which concern vacant buildings and excess lands. These statutes create the Vacant Buildings and Excess Lands Committee which is authorized to declare a building or land to be vacant or excess and may then dispose of the building or land "through sale, lease, demolition or otherwise." Neb. Rev. Stat. § 72-813. However, while these statutes set out the procedure for sale or lease of state property under these circumstances, it is doubtful that the property could be sold to a private contractor for incarceration purposes as it appears that private prisons in Nebraska are limited to those which are governed by the Private Prison Contracting Act discussed above. While that Act itself does not expressly prohibit private prisons other than those operated through a contract with DCS, the Act does not allow a county or other political subdivision to contract with a private prison contractor and prohibits private prison contractors from accepting federal inmates or inmates from another state. Neb. Rev. Stat. §§ 47-805 and 47-806. Therefore, the net effect of the Act is to preclude private prisons other than those operating under a contract with DCS. In our view, after a determination by the Committee that the building is vacant, HCC could only be sold or leased to a private entity for purposes other than a private prison.
Sincerely,
 JON BRINING Attorney General
 Lynn A. Melson Assistant Attorney General
APPROVED: